# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2011

Lyle W. Cayce
Clerk

No. 10-40966
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

STACEY LAVERAL WILLIAMS,
also known as Black Magic,
Also known as Magic,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-87-1

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Stacey Laveral Williams challenges the 220-month sentence imposed following his guilty-plea conviction for conspiracy to manufacture, distribute, or possess, with the intent to distribute, cocaine, cocaine base, and marijuana. In that regard, Williams contests the three-level enhancement, pursuant to Sentencing Guideline § 3B1.1(b), for his role as a manager or supervisor in a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal conspiracy. He maintains there is no evidence showing that he exercised any supervisory authority or that he did anything other than act as a broker for two drug suppliers and buy and sell drugs.

Extensive evidence was presented at the sentencing hearing. A district court's determination that a defendant was a manager or supervisor under Guideline § 3B1.1(b) is reviewed for clear error. *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006). A finding of fact is not clearly erroneous if it is plausible in the light of the entire record. *Id.* For the reasons that follow, the district court did not clearly err in imposing the enhancement.

The record reflects that Williams independently set his own price and arranged the details of the drug transactions. As evidenced in recorded telephone conversations, which were played for the district court, Williams recruited, and attempted to recruit, individuals into the operation. The organization's scale was significant—it was responsible for drug distribution in four States. Additionally, there was evidence that Williams managed issues of quality control. He also contacted a co-conspirator when a customer was arrested; he managed that situation and repeatedly sought to ensure that neither he nor his supplier would be found with drugs if the arrested customer lead law enforcement authorities to them. Further, Williams received a share of the fruits of the enterprise. *See, e.g.*, *United States v. Lopez-Urbina*, 434 F.3d 750, 766-67 (5th Cir. 2005).

AFFIRMED.